# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MIGUEL ÁNGEL RIVERA-ROSARIO,<br><br>**Plaintiff**,<br><br>v.<br><br>LSREF2 ISLAND HOLDINGS, LTD. INC., *et al.*,<br><br>**Defendants**. | **Civil No.** 20-1639 (FAB) |

**Opinion and Order**

BESOSA, District Judge.

Before the Court are defendants LSREF2 Island Holdings, LTD Inc. ("Island Holdings") and Hibiscus PR 73 ("Hibiscus") (collectively, "defendants")'s motions to dismiss. (Docket Nos. 14 & 15.) For the reasons set forth below, the motions to dismiss are **GRANTED**.

I. Background

This action is the continuation of a decade-long dispute between the parties. A failed foreclosure served as the catalyst for federal and state litigation.

A. The Foreclosure Litigation

Rivera purchased a property in Torrecilla Alta de Loiza, Puerto Rico. (Docket No. 1 at p. 3.) He failed to remit timely mortgage payments, prompting First Bank to commence a foreclosure action before the Court of First Instance, Rio Grande Division, on July 8, 2010 (hereinafter, "foreclosure litigation"). Id., see

LSREF2 Island Holding, LTD Inc. v. Rivera-Rosario, Case. No. FCCI2010-00449. During the pendency of this litigation, Rivera sold a parcel of the property known as the "Blue Iguana" to Nahum Gómez-Hidalgo ("Gómez") with First Bank's consent. Id. at p. 5.

Island Holdings subsequently acquired Rivera's mortgage from First Bank. Id. at p. 9. The foreclosure went awry, however, when Island Holdings refused to release the Blue Iguana in segregation proceedings. Id. at p. 9. Island Holdings disregarded repeated requests by Rivera and Gómez to exclude the Blue Iguana from the foreclosure litigation. Id. On February 16, 2016 Island Holdings attempted to auction the property **and** the Blue Iguana, opposing Gómez's motion to intervene. Id. at p. 10. Essentially, Island Holdings placed a property belonging to somebody else for sale.

The Court of First Instance held the auction in abeyance, permitting Gómez to intervene, ordering the segregation of the Blue Iguana, and requiring Island Holdings to pay $5,000 in attorneys' fees "for incurring in stubbornness." Id. at p. 12; see LSREF2 Island Holding, Case. No. FCCI2010-00449. Island Holdings appealed this decision before the Puerto Rico Court of Appeals, Bayamón-Carolina Division. see LSREF2 Island Holding, LTD Inc. v. Rivera-Rosario, Case No. KLCE201701743.

**A. The 2017 Litigation**

On June 2, 2017, Rivera filed a civil action against Island Holdings before the Court of First Instance, Río Grande Division, for malicious prosecution and abuse of process pursuant to Article 1802 of the Puerto Rico Civil Code. See Rivera-Rosario v. LSREF2 Island Holdings, LTD Inc., Case No. FCC1201700240. Island Holdings removed this action to the United States District Court for the District of Puerto Rico on May 5, 2017 (hereinafter, "2017 litigation"). See Rivera-Rosario v. LSREF2 Island Holdings LTD, Inc., Case No. 17-1918 (ADC).[1]

The Puerto Rico Court of Appeals adjudicated the underlying foreclosure litigation on February 28, 2018, during the federal proceedings for the malicious prosecution and abuse of process claims. See Case No. 17-1918, Docket No. 28, Ex. 1 (Certified Translation of the Judgment in Case No. KLCE201701743). The Court of First Instance purportedly erred in permitting Gómez to intervene, in determining that "[Island Holdings became] bound to liberate [the Blue Iguana]," and improperly awarded attorneys' fees to Rivera and Gómez. Id. Rivera informed this Court that "said judgment is not final," conveying his intention to file a

---

[1] The Court takes judicial notice of the pleadings and order filed in the foreclosure and malicious prosecution actions. See Rodríguez-Torres v. Gov't Dev. Bank of P.R., 750 D. Supp. 2d 407, 411 (D.P.R. 2010) ("It is well-accepted that federal courts may take judicial notice of proceedings in other ocurt if [they] have relevance to the matters at hand.") (Besosa, J.) (internal citation omitted).

writ of *certiorari* before the Puerto Rico Supreme Court. (Case No. 17-1918, Docket No. 26 at p. 1.)

The Court rendered a decision in the 2017 litigation on March 30, 2018, noting that the "heart of Rivera's amended complaint is [Island Holdings'] failure to acknowledge the legal import of the Blue Iguana sale in the foreclosure case." (Case No. 17-1918, Docket No. 29 at p. 7.) Because "both parties [agreed] that the [foreclosure] action [had] not terminated," the Court held that Rivera's malicious prosecution claim was "premature." Id. at p. 9 (citing Bonilla v. Trebol Motors Corp., 913 F. Supp. 655, 659 (D.P.R. 1995) ("A cause of action for malicious prosecution accrues when the complaint which was allegedly filed without probable cause and with malice is dismissed.") (Pieras, J.)). Moreover, the Court held that the abuse of process claim was time barred. Id. at p. 10. The Court dismissed Rivera's complaint with prejudice *in toto*, drawing no distinction between the abuse of process and malicious prosecution claims. (Case No. 17-1918, Docket Nos. 29 & 30.)

Rivera moved for the Court to reconsider the abuse of process disposition. Id., Docket No. 31. In a footnote, he argued that:

> It should be noticed that in its opposition to Defendant's motion to dismiss the amended complaint, plaintiff indicated that in relation to a malicious prosecution cause of action, 'said doctrine at the present moment does not apply to the present case.'

Id. at p. 1. He did not, however, move for the Court to amend the judgment by dismissing the malicious prosecution claim without

prejudice, or for a correction based on a clerical error pursuant to Federal Rule of Civil Procedure 60 ("Rule 60").[2]

The Court denied the motion for reconsideration without referring to the malicious prosecution claim. (Case No. 17-1918, Docket No. 42.) Rivera did not appeal. Subsequently, Hibiscus "acquired all of [Island Holdings] interest in [Rivera's mortgage]." (Case No. 20-1639, Docket No. 39, Ex. 1 at p. 1.)

**B. The Puerto Rico Supreme Court Disposition**

The Puerto Rico Supreme Court granted Rivera's motion for a writ of *certiorari* on May 28, 2018. Case No. 17-1918, Docket No. 38, Ex. 1 (Certified Translation of Resolution). Almost two years later, it held that Gómez possessed the right to intervene, affirmed the imposition of attorneys' fees, revoked the judgement issued by the Puerto Rico Court of Appeals, and "returned [the case] to the Court of First Instance for continuation of proceedings." (Case No. 20-1639, Docket No. 1 at p. 14.) On November 13, 2020, the Court of First Instance reinstated the imposition of attorneys' fees, issuing an order of attachment against Hibiscus. Id., Docket No. 39, Ex. 3. The parties have not specified whether the Court of First Instance has issued a final order in the foreclosure litigation.

---

[2] Rule 60 also provides grounds for relief if the "judgment is void," or if the movant demonstrates "any other reason that justifies" amendment. Fed. R. Civ. P. 60 (b).

### C. The 2020 Litigation

Rivera commenced a second malicious prosecution action before this Court on November 11, 2020 (hereinafter, "2020 litigation"). (Case No. 20-1369 (FAB), Docket No. 1.) The complaint in this litigation repeats the allegations asserted by Rivera in 2017: Island Holdings "improperly included in the execution of judgment [a] piece of land [known as the Blue Iguana] for the purpose of obtaining the most profit possible and in [a] rapid manner . . . maliciously and without probable cause." Id. at p. 10. Hibiscus and Island Holdings moved to dismiss the complaint, citing the doctrine of *res judicata*. (Docket Nos. 14 & 15.)

## II. Federal Rule of Civil Procedure 12(b)(6)

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual material "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The Court adopts a two-step approach when resolving a motion to dismiss. First, the Court "isolate[s] and ignore[s] statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012). Second, the Court "take[s] the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences

in the pleader's favor, and see[s] if they plausibly narrate a claim for relief." Id.

Res judicata is an affirmative defense pursuant to Federal Rule of Civil Procedure 8(c)(1). It allows dismissal only if: (1) "the facts that establish the defense [are] definitively ascertainable from the allegations in the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice," and (2) "the facts so gleaned must conclusively establish the affirmative defense." Banco Santander de P.R. v. López-Stubbe, 324 F.3d 12, 16 (1st Cir. 2003). The predicate facts are set forth in the foreclosure and 2017 actions. Accordingly, Island Holdings and Hibiscus may raise a res judicata defense.

## II. The Doctrine of Res Judicata

Res judicata is a judicial construct, providing that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." López-Stubbe, 324 F.3d at 16. This doctrine protects "dispute resolution against the corrosive disrespect that would follow if the same matter were twice litigated to inconsistent results." Depianti v. Jan-Pro Franchising Int'l, Inc., 873 F.3d 21, 28-29 (1st Cir. 2017). The propriety of the predicate disposition has no bearing on the preclusive effect of res judicata. See Brown v. Felsen, 442 U.S.

127, 132 (1979) ("For the sake of repose, *res judicata* shields the fraud and the cheat as well as the honest person."); Walsh v. Int'l Longshoremen's Assn., 630 F.2d 864, 869 (1st Cir. 1980) ("The possibility of a wrong decision does not undermine the rule of *res judicata*; the remedy for a wrong decision is the right of appeal, not an unlimited opportunity to bring repetitious petitions.").

### 1. Federal Law is Applicable

Courts sitting in diversity apply the substantive law of the forum state. Cochran v. Quest Software, Inc., 328 F.3d 1, 6 (1st Cir. 2006); see, e.g., Sterling Equip., Inc. v. Gibson, Case No. 18-11230, 2019 U.S. Dist. LEXIS 111084, at *4 (D. Mass. July 3, 2019) (applying state collateral estoppel principles in a diversity action). The First Circuit Court of Appeals has held, however, that "federal law of *res judicata* governs the effect of a prior federal judgment in a diversity case." Johnson v. SCA Disposal Servs., Inc., 931 F.2d 970, 974 (1st Cir. 1991). Consequently, Puerto Rico law is inapplicable. To invoke *res judicata*, federal common law requires Island Holdings and Hibiscus to establish three elements:

> (1) a final judgment on the merits in an earlier action; (2) an identity of the cause in action in both the earlier and later suits; and (3) an identity of the parties or privies in the two suits.

Haag v. Shulman, 683 F.3d 26, 30 (1st Cir. 2012) (citation omitted). The finality standards for appealability and *res*

*judicata* are "interchangeable." AVX Corp. v. Cabot Corp., 424 F.3d 28, 32 (1st Cir. 2005) (citing 18A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4432) (hereinafter, "Wright, Miller & Cooper"). A final decision "ends the litigation on the merits and [leaves] nothing for the court to do but execute judgment." Acevedo-Villalobos v. Hernández, 22 F.3d 384, 388 (1st Cir. 1994) (quotation and citation omitted).

### III. Discussion

This Court is cognizant that the order and judgment in the 2017 litigation contemplate divergent outcomes. Pursuant to that order, Rivera raised the malicious prosecution cause of action prematurely. (Case No. 17-1918. Docket No. 29 at p. 9.) Generally, an action that is not ripe for adjudication is dismissed without prejudice to a party's right to reinstitute the action once it is ripe for disposition. See, e.g., United States v. Seger, 849 F. Supp. 2d 76, 78 (D. Me. 2011) ("The Court dismisses Mr. Seger's motion without prejudice because the issue is not ripe for judicial review."). A dismissal without prejudice is not preclusive precedent. Mirpuri v. ACT Mfg., 212 F.3d 624, 628 (1st Cir. 2000) ("In this circuit, the phrase 'without prejudice,' when attached to a dismissal order, is not to be read as in invitation to amend, but rather as a signification that the judgment does not preclude a subsequent lawsuit on the same cause of action either in the rendering court or in some other forum."); see Wright,

Cooper & Miller § 3532.1 ("It should be clear that dismissal for lack of ripeness is not a decision on the merits for purposes of preclusion by judgment").  Consequently, *res judicata* is inapplicable for lack of finality if the order is analyzed in isolation.

The judgment dismissed the complaint with prejudice, however, requiring a more nuanced *res judicata* analysis.  (Case No. 17-1918, Docket No. 30.)  Federal Rule of Civil Procedure 41(b) provides that unless stated otherwise, a dismissal "operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b); Semtek v. Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001) ("'With prejudice' is an acceptable form of shorthand for 'an adjudication on the merits.'") (citation omitted).[3]  According to the judgment, the malicious prosecution claim is a final order with preclusive authority.  See Gosselin v. Field, Hurley, Webb & Sullivan, 188 F. Supp. 2d 107, 109 (D. Mass. 2002) (noting that a "dismissal with prejudice gives the defendant the full relief for which he is legally entitled and is tantamount to a judgment on the merits.") (citation and quotation omitted); Oriental Bank & Tr. V. Prado-González, 509 F. Supp. 2d 127, 135 (D.P.R. 2007)

---

[3] Exceptions to Rule 41(b) include dismissal for lack of jurisdiction, improper venue, or failure to join a party under Rule 19. Fed. R. Civ. P. 41(b).  "When a case is 'not ripe,' then this Court generally lacks jurisdiction over the matter."  Pascoag Reservoir & Dam, LLC v. R.I., 217 F. Supp. 2d 206, 215 (D.R.I. 1999).

(noting that a "dismissal with prejudice is an adjudication on the merits for purposes of *res judicata*") (Delgado-Colón, J.).

In 2017, the Court exercised its discretion in precluding Rivera from reasserting the malicious prosecution claim in a subsequent action. See Rivera v. Meléndez, 291 F.R.D. 21, 27 n.2 (D.P.R. 2014) ("No precise formula governs dismissal with prejudice. The decision largely hinges on the equities of the case, with due regard for the interests of both parties.") (citation and quotation omitted) (Domínguez, J.). Rivera could have requested to amend the judgment based on a scrivener's error or on other grounds, moved for reconsideration regarding the "with prejudice" determination, or filed a notice of appeal. He did not. The appropriate procedure for challenging the judgment in the 2017 litigation is before the Court that issued that judgment. Indeed, "a final judgment does not lose its *res judicata* effect simply because another court might consider the decision erroneous." Medina v. Chase Manhattan Bank, N.A., 737 F.2d 140, 143 (1st Cir. 1984); Cruz v. Melecio, 204 F.3d 14, 19-20 (1st Cir. 2000) (noting that "*res judicata* renders white that which is black, and straight which is crooked") (citation and quotation omitted). This Court will not surmise the reasons why the judgment dismissed the first malicious cause of action with prejudice.

The three elements of *res judicata* are present in this action. First, the Court dismissed the malicious prosecution claim

in 2017 with prejudice. (Case No. 17-1918, Docket No. 20.) This disposition is a final order with preclusive effect. Second, the causes of action in the prior litigation and this action are identical: a malicious prosecution claim arising pursuant to Puerto Rico law. Id.; Case No. 20-1639, Docket No. 1. Third, the parties are in privity with the litigants in the 2017 litigation. Hibiscus is a successor in interest, acquiring Rivera's mortgage from Island Holdings in 2018. See Sanders Confectionary Prods. v. Heller Fin., Inc., 973 F.2d 474, 481 (6th Cir. 1992) ("*Res judicata* also bars those in privity with parties from bringing suit later. Privity in this sense means a successor in interest to the party, one who controlled the earlier action, or one whose interests were adequately represented."). Accordingly, the malicious prosecution claim is precluded by the doctrine of *res judicata*.

**IV. Conclusion**

For the reasons set forth above, the motions to dismiss are **GRANTED**. (Docket Nos. 14 & 15.) The malicious prosecution claim is **DISMISSED WITHOUT PREJUDICE**, without prejudice to Rivera's right to seek relief before the Court that issued the order and judgment in Rivera v. LSREF2 Island Holdings, Case No. 17-1918

(ADC).  Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 21, 2021.

                                        s/ Francisco A. Besosa

                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE